**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KNIGHT FIRST AMENDMENT
INSTITUTE AT COLUMBIA
UNIVERSITY,

          Plaintiff,

    v.

U.S. DEPARTMENT OF EDUCATION,

          Defendant.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1.    This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the immediate release of records from the U.S. Department of Education ("DOE" or "Department") concerning the guidance it provides to post-secondary institutions regarding their obligations under Title VI of the Civil Rights Act of 1964 ("Title VI") to ensure nondiscrimination based on shared ancestry or ethnic characteristics.

2.    Title VI prohibits discrimination on the basis of race, color, or national origin in programs or activities that receive federal financial assistance. *See* 42 U.S.C. § 2000d, *et seq.* DOE has interpreted this prohibition to extend to discrimination on the basis of shared ancestry or ethnic characteristics.[1]

3.    After October 7, 2023, DOE's Office for Civil Rights ("OCR") began to receive an increasing number of complaints from students alleging discrimination on the basis of shared

---

[1] U.S. Department of Education Office for Civil Rights, *Dear Colleague Letter: Protecting Students from Discrimination, such as Harassment, Based on Race, Color, or National Origin, Including Shared Ancestry or Ethnic Characteristics*, 2 (May 7, 2024) [hereinafter May 2024 Dear Colleague Letter], https://perma.cc/A2D4-WLG6.

ancestry or ethnic characteristics.[2] In response, OCR has opened more than ninety Title VI investigations into the way in which colleges and universities handled alleged discrimination based on shared ancestry or ethnic characteristics, which represents a dramatic rise in the number of such investigations.[3] Many of these investigations were opened based on allegations that students and faculty members made antisemitic or Islamophobic statements at protests, in classrooms, at other campus locations, or on social media.[4]

4.    In its public guidance, the Department has said that "OCR interprets Title VI and its implementing regulations consistent with free speech and other rights protected under the First Amendment," and that "[n]othing in Title VI or regulations implementing it requires or authorizes a school to restrict any rights otherwise protected by the First Amendment," or "require[s] schools to enact or enforce codes that punish the exercise of such rights."[5]

---

[2] *Id*; *see also* Cheyenne Haslett, *Education Department Opens Investigations Into 7 Schools Over Antisemitism, Islamophobia Complaints*, ABC News (Nov. 17, 2023), https://perma.cc/RQ94-4BVW (reporting a "sharp rise in complaints" received by DOE from October 7 to November 17, 2023).

[3] *See Pending Cases Currently Under Investigation at Elementary-Secondary and Post-Secondary Schools*, U.S. Department of Education Office for Civil Rights, https://perma.cc/GTB7-E5ZW (listing seventy-five pending Title VI investigations at post-secondary institutions between October 7, 2023 and October 23, 2024); *Office for Civil Rights Recent Resolution Search*, U.S. Department of Education Office for Civil Rights, https://perma.cc/K6JV-R67R (listing resolution agreements with seven colleges and universities covering sixteen Title VI investigations). By comparison, in fiscal year 2022 (Oct. 1, 2021 to Sept. 30, 2022), OCR received twenty-seven complaints of discrimination based on national origin at elementary, secondary, and post-secondary schools, and in fiscal year 2023, OCR received sixty-six such complaints. Catherine E. Lhamon, *Fiscal Year 2022: Annual Report*, U.S. Department of Education Office for Civil Rights, 13 (2023), https://perma.cc/T5GR-2PTG; Catherine E. Lhamon, *Fiscal Year 2023: Annual Report*, U.S. Department of Education Office for Civil Rights, 16 (2024), https://perma.cc/8PRP-RDM3. Notably, those numbers include complaints concerning elementary and secondary schools, not just post-secondary schools. Also, these numbers are of complaints, only some of which turn into actual investigations. U.S. Department of Education Office for Civil Rights, *Case Processing Manual*, 10–13 (July 18, 2022), https://perma.cc/KEE5-WC22.

[4] *Records Related to Title VI Shared Ancestry or Ethnic Characteristics Investigations*, U.S. Department of Education, https://perma.cc/5C4S-AWR9.

[5] U.S. Department of Education Office for Civil Rights, *Fact Sheet: Harassment Based on Race, Color, Or National Origin on School Campuses*, 2 (July 2, 2024), https://perma.cc/T7BR-9HN8; May 2024 Dear Colleague Letter, *supra* note 1.

5.      But DOE has also provided guidance to universities privately, including to universities it is investigating,[6] and some news reports suggest that the private guidance is in tension with the public guidance.[7]

6.      To inform the public about DOE's guidance to colleges and universities, Plaintiff the Knight First Amendment Institute at Columbia University ("Plaintiff" or the "Knight Institute") submitted a FOIA request ("the Request") on July 31, 2024 to DOE. The Request seeks records relating to guidance DOE has provided to post-secondary institutions concerning their obligations under Title VI to ensure nondiscrimination based on shared ancestry or ethnic characteristics.

7.      There is a substantial public interest in these documents because they would help explain why institutions of higher education have responded to student protests in the way they have, and what obligations the DOE believes institutions of higher education have in relation to student protests taking place now.

8.      Plaintiff has commenced this action because DOE denied its request for expedited processing and has failed to release records in response to the Request. Plaintiff seeks the injunctive relief necessary to ensure DOE's timely compliance with FOIA's requirements.

---

[6] DOE has released to the public very little information regarding the more than ninety investigations it has opened. The only publicly available documents are (1) some of the complaints that resulted in OCR opening those investigations, (2) OCR's letters to university presidents informing them of the complaints against their institutions and OCR's decision to open an investigation, and (3) for those investigations that have ended in a settlement, OCR's letters to university presidents informing them of the settlements and attaching the settlement agreements, referred to as "Resolution Agreements." *Office for Civil Rights Recent Resolution Search*, *supra* note 3 (listing resolution agreements with seven colleges and universities).

[7] *See, e.g.*, Erwin Chemerinsky & Howard Gillman, *Federal Attempt to Combat Anti-Semitism Puts Universities in an Untenable Position*, Sacramento Bee (Dec. 12, 2023), https://perma.cc/3T54-ZGLT; Anemona Hartocollis, *Professors in Trouble Over Protests Wonder if Academic Freedom Is Dying*, N.Y. Times (Oct. 23, 2024), https://perma.cc/MUM7-G9HJ.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 1331.

10.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     The Knight First Amendment Institute at Columbia University is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2).

12.     Defendant DOE is a department of the executive branch of the U.S. government and is an "agency" within the meaning of 5 U.S.C. § 552(f). DOE and its component OCR have possession and control over the requested records.

## FACTUAL ALLEGATIONS

### *FOIA Request*

13.     On July 31, 2024, the Knight Institute submitted the Request to DOE, seeking records "relating to guidance the Department of Education has provided to post-secondary institutions concerning their obligations under Title VI of the Civil Rights Act of 1964 ('Title VI') to ensure nondiscrimination based on shared ancestry or ethnic characteristics."

14.     The Request sought the following documents:

   a.   All communications received from any post-secondary institution seeking guidance, clarification, or information regarding the institution's Title VI

obligations to ensure non-discrimination based on shared ancestry or ethnic characteristics, from October 7, 2023 to the present.

b. All communications sent to any post-secondary institution providing guidance, clarification, or information regarding the institution's Title VI obligations to ensure nondiscrimination based on shared ancestry or ethnic characteristics, from October 7, 2023 to the present.

c. All presentations and training materials provided to post-secondary institutions regarding their Title VI obligations to ensure nondiscrimination based on shared ancestry or ethnic characteristics, from October 7, 2023 to the present.

d. All policies, procedures, memoranda, and guidance regarding the factors or criteria DOE considers in determining whether to investigate a post-secondary institution for discrimination based on shared ancestry or ethnic characteristics, from October 7, 2023 to the present.

15.    The Knight Institute requested expedited processing of the Request on the ground that it is an organization "primarily engaged in disseminating information" and there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

16.    The Knight Institute requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

*Agency Responses*

17.    By letter dated August 1, 2024, DOE acknowledged receipt of the Request by email and assigned it reference number 24-02839-F. DOE denied the Knight Institute's request for expedited processing, finding that the Knight Institute did not "qualify under one of the two required categories: (1) Circumstances in which the lack of expedited treatment could pose an imminent threat to life or physical safety, or (2) You are a person primarily engaged in disseminating information and there exists an urgency to inform the public concerning actual or alleged Federal Government activity." DOE did not grant or deny the Institute's request for a fee waiver, deferring a decision until such time as a fee is assessed for the Request.

18.    On August 16, 2024, DOE sent another email to the Knight Institute, requesting additional information about whether the Knight Institute is "looking for policy related or investigative related records."

19.    On September 3, 2024, the Knight Institute emailed a FOIA Officer at DOE, stating that it is interested in both policy and investigative records that are responsive to the Request, but is willing to discuss excluding investigative-related records that would fall within a FOIA exemption.

20.    To date, DOE has not responded to the Knight Institute's email or released any records responsive to the Request.

21.    Under FOIA, DOE has twenty working days to respond to a request. *See* 5 U.S.C. § 552(a)(6)(A)(i). More than twenty working days have passed since the Knight Institute filed the Request. Thus, this statutory time period has elapsed.

22.    Plaintiff has exhausted all administrative remedies because DOE has failed to comply with the time limit for responding to the Request under FOIA.

23.    DOE continues to wrongfully withhold the requested records from Plaintiff.

## CAUSES OF ACTION

1.      Defendant's failure to grant Plaintiff's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendant's corresponding regulations, 34 C.F.R. § 5 *et seq*.

2.      Defendant's failure to make and communicate a determination whether to comply with the Request within the statutory time limit violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Defendant's corresponding regulations, 34 C.F.R. § 5 *et seq*.

3.      Defendant's failure to process Plaintiff's request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendant's corresponding regulations, 34 C.F.R. § 5 *et seq*.

4.      Defendant's failure to make records responsive to the Request promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and Defendant's corresponding regulations, 34 C.F.R. § 5 *et seq.*

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A.  Order Defendant to conduct a thorough search for records responsive to Plaintiff's request;

B.  Order Defendant to immediately process and release any responsive records;

C.  Award Plaintiff its reasonable costs and attorneys' fees incurred in this action; and

D.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 s/ Scott Wilkens
Scott Wilkens
Alex Abdo
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Plaintiff*

November 4, 2024