EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York
By:   SARAH S. NORMAND
      JESSICA F. ROSENBAUM
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2709/2777
Email: sarah.normand@usdoj.gov
       jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................x

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY,

                      Plaintiff,

         v.

UNITED STATES DEPARTMENT OF
EDUCATION,

                      Defendant.

...............................................................x

24 Civ. 8393 (PAE)

**ANSWER**

       Defendant the United States Department of Education ("DOE"), by its attorney, answers the complaint upon information and belief as follows:

       1.      The allegations in paragraph 1 constitute a characterization of this action, to which no response is required.   To the extent a response is deemed required, denies that Plaintiff is entitled to any relief.

       2.      The allegations in the first sentence of paragraph 2 constitute characterizations of Title VI, 42 U.S.C. § 2000d, *et seq.*, to which no response is required.   The Court is respectfully referred to that statute for a true and complete statement of its contents.   Admits the allegations

in the second sentence of paragraph 2, and respectfully refers the Court to the letter cited in footnote 1 for a true and complete statement of its contents.

3. The allegations in paragraph 3 constitute characterizations of certain DOE publications and media reports that are cited in footnotes 2-4, to which no response is required. The Court is respectfully referred to the cited publications and reports for a true and complete statement of their contents. To the extent a response is required, admits that since October 7, 2023, DOE's Office of Civil Rights ("OCR") has received an increased number of complaints from students alleging discrimination on the basis of shared ancestry or ethnic characteristics, that OCR has opened more than 90 Title VI investigations of alleged discrimination based upon shared ancestry or ethnic characteristics at colleges or universities, and that many of these investigations have involved allegations that students or faculty members made antisemitic or Islamophobic statements at protests, in classrooms, at other campus locations, or on social media. The allegations in footnote 3 appear to characterize certain DOE publications cited in footnote 3, to which no response is required. The Court is respectfully referred to the cited publications for a true and complete statement of their contents.

4. The allegations in paragraph 4 constitute characterizations of DOE guidance, cited in footnote 5, to which no response is required. The Court is respectfully referred to the cited guidance for a true and complete statement of its contents.

5. The allegations in paragraph 5 constitute characterizations of the DOE publication and media reports cited in footnotes 6-7, to which no response is required. The Court is respectfully referred to the cited publication and media reports for a true and correct statement of their contents. To the extent a response is required, admits that OCR has provided guidance to universities, and respectfully refers the Court to the records produced by DOE to Plaintiff on

December 6, 2024. Denies the allegation in paragraph 5 that DOE typically provides guidance to universities privately, and denies that any such guidance is in tension with its public guidance. The allegations in footnote 6 constitute characterizations of a page of DOE's website, to which no response is required. The Court is respectfully referred to the cited page for a true and correct statement of its contents. To the extent a response is required, denies the allegations in footnote 6 that DOE has released very little public information regarding the investigations it has opened and denies that the cited materials and webpage contain the only publicly available documents.

6. The allegations in paragraph 6 constitute a characterization of Plaintiff's FOIA request, to which no response is required. The Court is respectfully referred to the FOIA request for a true and complete statement of its contents.

7. The allegations in paragraph 7 constitute legal conclusions concerning the asserted public interest in the records sought by Plaintiff's FOIA request, to which no response is required.

8. The allegations in paragraph 8 constitute characterizations of Plaintiff's reasons for filing the lawsuit and the relief sought, to which no response is required. To the extent a response is required, denies that DOE has failed to produce records in response to the FOIA request, respectfully refers the Court to the records produced by DOE to Plaintiff on December 6, 2024, and denies that Plaintiff is entitled to any relief.

9. The allegations in paragraph 9 constitute legal conclusions as to jurisdiction, to which no response is required.

10. The allegations in paragraph 10 constitute legal conclusions as to venue, to which no response is required.

11. Denies knowledge or information sufficient to form a belief as to the allegations in the first three sentences of paragraph 11, regarding Plaintiff and its asserted mission. The last sentence of paragraph 11 constitutes a legal conclusion, to which no response is required.

12. The allegations in paragraph 12 constitute legal conclusions, to which no response is required. To the extent a response is required, admits that DOE and its component OCR have possession of some of the records sought in the FOIA request, and respectfully refers the Court to the records produced by DOE to Plaintiff on December 6, 2024.

13. Admits that Plaintiff submitted a FOIA request to DOE on or about July 31, 2024. The remaining allegations in paragraph 13 constitute a characterization of Plaintiff's FOIA request, to which no response is required. The Court is respectfully referred to the FOIA request for a true and complete statement of its contents.

14. The allegations in paragraph 14 constitute a characterization of Plaintiff's FOIA request, to which no response is required. The Court is respectfully referred to the FOIA request for a true and complete statement of its contents.

15. The allegations in paragraph 15 constitute a characterization of Plaintiff's request for expedited processing, to which no response is required. The Court is respectfully referred to the FOIA request for a true and complete statement of its contents.

16. The allegations in paragraph 16 constitute a characterization of Plaintiff's request for a fee waiver, to which no response is required. The Court is respectfully referred to the FOIA request for a true and complete statement of its contents.

17. The allegations in paragraph 17 constitute a characterization of an email from DOE dated August 1, 2024, to which no response is required. The Court is respectfully referred to the cited email for a true and complete statement of its contents. To the extent a response is

required, admits that DOE denied Plaintiff's request for expedited processing, and avers that DOE is nevertheless processing the FOIA request on an expedited basis.

18. The allegations in paragraph 18 constitute a characterization of an email from DOE dated August 16, 2024, to which no response is required. The Court is respectfully referred to the cited email for a true and complete statement of its contents.

19. The allegations in paragraph 19 constitute a characterization of an email from Plaintiff dated September 3, 2024, to which no response is required. The Court is respectfully referred to the cited email for a true and complete statement of its contents.

20. Admits that as of the filing of the complaint, DOE had not produced records in response to the FOIA request or sent a response to Plaintiff's September 3, 2024, email, but avers that DOE conducted additional searches in response to the September 3, 2024, email, and further avers that DOE made a production of non-exempt records responsive to the FOIA request on December 6, 2024.

21. The allegations in the first and last sentences of paragraph 21 constitute legal conclusions, to which no response is required. Admits that as of the filing of the complaint, more than 20 days had passed since the FOIA request was submitted. Denies that FOIA imposes any specific time limit for production of records in response to a request.

22. The allegations in paragraph 22 constitute legal conclusions, to which no response is required. Denies that FOIA imposes any specific time limit for production of records in response to a request, and denies that DOE has failed to comply with any statutory time limit.

23. Denies the allegations in paragraph 23.

24. Denies the allegations in the section of the complaint labeled "Causes of Action," in paragraphs numbered 1-4.

The remainder of the complaint contains a request for relief, to which no response is required. To the extent a response is deemed required, denies the allegations contained in the remainder of the complaint and states that Plaintiff is not entitled to the requested relief or any other relief.

## DEFENSES

For further defenses, DOE alleges as follows:

## FIRST DEFENSE

Some of the requested records and information are exempt from disclosure, in whole or in part. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

## THIRD DEFENSE

Plaintiff is not entitled to expedited processing of the FOIA request.

## FOURTH DEFENSE

Plaintiff is not eligible for or entitled to attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

WHEREFORE, DOE is entitled to judgment dismissing Plaintiff's complaint with prejudice and granting such further relief as the Court deems just, including costs and disbursements.

Dated: December 18, 2024
New York, New York

                    EDWARD Y. KIM
                    Acting United States Attorney for the
                    Southern District of New York

By:   /s/ Jessica F. Rosenbaum
       SARAH S. NORMAND
       JESSICA F. ROSENBAUM
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.:   (212) 637-2709/2777
       Email: sarah.normand@usdoj.gov
               jessica.rosenbaum@usdoj.gov